## YANKOWITZ v. ARKIN.

(Municipal Court of City of New York, Borough of Manhattan, Second District. March 15, 1916.)

1. PHYSICIANS AND SURGEONS ⬅22—DENTISTS—RECOVERY OF PAYMENT.

Under Public Health Law (Consol. Laws, c. 45) § 202, permitting an unlicensed person to perform mechanical work upon inert matter in a dental office, but providing the act shall not be construed to permit the performance of independent dental operations by an unlicensed person under cover of the name of a registered practitioner or in his office, where a dentist permitted a mechanical assistant to remain in his office for three months alone, while the dentist practiced in another office, the dentist is liable to a customer, for whom the assistant undertook to prepare a bridge, for the return of the amount of a fee therefor collected by the assistant.

[Ed. Note.—For other cases, see Physicians and Surgeons, Cent. Dig. § 51; Dec. Dig. ⬅22.]

2. COSTS ⬅ 164(7)—NATURE OF RIGHT—UNAUTHORIZED PRACTICE OF DENTISTRY.

In an action to recover a payment of $23.50 to an unlicensed assistant in a dental office for dental work, on rendering judgment for plaintiff, the court will award the plaintiff's attorney $5 as extra costs.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 633; Dec. Dig. ⬅164(7).]

Action by Morris Yankowitz against William Arkin. Judgment for plaintiff.

Samuel Sobel, of New York City, for plaintiff.
Joshua S. Shapiro, of New York City, for defendant.

SNITKIN, J. [1] The plaintiff has brought this action against the defendant, a duly licensed dentist, to recover the sum of $23.50 which he paid to an employé of the defendant for the purpose of having a bridge made for his mouth. The defendant maintains an office at 160 Delancey street, in the borough of Manhattan, city of New York, where his name appears to be displayed on a sign. The plaintiff, unfortunately unable to read and write, when parting with his money relied upon the fact that this bridge would be properly made for him, and that the money which he was charged and paid was paid

to one who was duly authorized to practice dentistry. It appears, however, that after he had gone for treatment about six times the bridge was not fitted to his mouth, and on the last visit to the defendant's office he met the defendant personally, who then stated to him that the person who had received his money was simply an employé and had no right to practice dentistry, and therefore he would have to look to his employé for payment. The defendant in his own behalf testified that he did employ a person named Holzer, who seems to be the one who received the money from the plaintiff, and that he was in his employ for about eight months, and that he employed him as an assistant mechanic in the laboratory. It appears that the defendant conducts two offices, one uptown and one on the east side. During the eight months that this Holzer was employed by him the defendant admits he permitted him to remain in the office alone for three months, and that during the three months he started in, to use his language, "to do that dirty work," referring to several cases where complaints had been made to him that his employé had taken money for dental treatment.

The entire testimony of the defendant leads me to the conclusion that it is nothing but a thin veil to circumvent the very salutary statute which was passed for the purpose of extirpating the quackery in the dental profession. It is true that under section 202 of article 9 of the Public Health Law an unlicensed person may be permitted to perform mechanical work upon inert matter in a dental office; and I fear that this section has given rise to a number of illegal practitioners, and particularly on the east side, who prey upon the poor, and then, when it is sought to bring them to justice, they can very easily defend themselves by using the name of a licensed dentist, and claiming that they merely performed mechanical work, although from a further reading of the section it appears that it shall not be construed to permit the performance of independent dental operations by an unlicensed person under the cover of the name of a registered practitioner or in his office; and from the evidence in this case I am inclined to hold that that is exactly what the defendant permitted his employé, Holzer, to do. He permitted him to perform dental operations under the cover of his name as a registered practitioner.

So stringent is this section of the Health Law that section 203 requires every practitioner of dentistry to display in a conspicuous place upon the house or in the office where he practices his full name, and if there are more dental chairs than one in any office or dental parlor the name of the practitioner must be displayed on or by the said chair in plain sight of the patient. That this is a salutary statute, and designed for the purpose of preventing the unwary from being taken advantage of, cannot be gainsaid.

It would be a travesty on justice to permit the defendant to escape liability on the ground that he did not receive part of the moneys paid to his employé, Holzer. He permitted him to remain there in charge of his office, and evidently so far as those seeking treatment in his office were concerned held him out as one permitted to practice den-

tistry. In the case of Kilmer v. Hutton, 131 App. Div. 625, 637, 116 N. Y. Supp. at page 136, the court, quoting from Spraights v. Hawley, 39 N. Y. 441, 100 Am. Dec. 452, says:

"It is only when the owner * * * has done something calculated to mislead, upon which a third party has a right to rely as evidence of authority, that such maxim (viz. that where one of two innocent persons must suffer by the wrongs of another the one who enables such to commit the wrong must bear the consequences) could have any application."

Certainly the plaintiff had a right to rely, by the presence of the defendant's employé at his office on a number of occasions, that he was a duly licensed practicing dentist, and, the defendant having placed him in the position whereby he could commit a wrong, he (the defendant) must bear the consequences.

[2] Judgment for the plaintiff in the sum of $23.50. I am also of the opinion that in this case, as an example to the profession at large that they may not permit the violation of the Health Law by permitting unlicensed and unqualified persons to practice under their guise and name, I am inclined to and do allow the plaintiff's attorney the sum of $5 as extra costs.

Judgment accordingly.